UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X   **NOT FOR PUBLICATION**

BARBARA GODDARD,

                Plaintiff,

                                        MEMORANDUM & ORDER

-against-

                                        04-CV-5317(NGG) (LB)

CITIBANK, NA, *et al.*,

                Defendants.

----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, U.S. District Judge.

This case involves a state foreclosure proceeding against Plaintiff Barbara Goddard ("Plaintiff" or "Goddard"), a *pro se* litigant who alleges to have been the victim of an illegal foreclosure and imminent eviction stemming from Defendants' erroneous claims that she is in default of her mortgage and that she cancelled a mortgage insurance policy. Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against Citibank, NA, Citicorp Mortgage Protection Plan, their underwriters and attorneys, and the state court judge who issued the judgment of foreclosure (collectively, "Defendants"). The gravamen of Plaintiff's claim is that Defendants Citibank, NA, Citicorp Protection Mortgage Protection Plan, Family Guardian Life Insurance Company, and Certilman Balin Adler & Hyman LLP misrepresented facts in a willy-nilly manner to the state court in the foreclosure proceeding and that Justice Bunyon's acceptance of these misrepresentations constituted negligence, and that these actions caused Plaintiff to suffer a stroke and violated her constitutional rights.[1] For the reasons set forth below, Defendants'

---

[1] For the purposes of this Memorandum & Order, familiarity with the facts of the case and the court's previous rulings is assumed.

1

motion to dismiss the Complaint, which was previously granted in part and denied in part, is hereby granted in its entirety, and the case is dismissed.

By Memorandum & Order dated March 27, 2006 ("March 27, 2006 M&O"), the court partially granted and partially denied Defendants' motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the court dismissed all of Plaintiff's claims except her state law claims for conversion and intentional infliction of emotional distress against Citibank, NA, Citicorp Mortgage Protection Plan, Family Guardian Life Insurance Copy, and Certilman Balin Adler & Hyman LLP.[2] With respect to these remaining claims, the court denied Defendants' motion to dismiss and granted Plaintiff sixty (60) days from the date of the March 27, 2006 M&O to submit to the court an Amended Complaint that pleads with particularity her conversion and intentional infliction of emotional distress claims. The court specifically noted that:

> The Defendants will have thirty (30) days from the date of the Plaintiff's submission, if any is made, to respond. Upon submissions by all parties, the court will reevaluate this claim. *If the Plaintiff fails to submit an amended complaint in compliance with this order, her remaining claims will be dismissed.*

(March 26, 2006 M&O at 18 (emphasis added).)

---

[2] Regarding Plaintiff's conversion claim, the court found that Plaintiff failed to meet the Rule 9(b) standards for pleading a fraud-based claim because she did not specify who made certain alleged false representations, the circumstances in which these alleged misrepresentations were made (*e.g.*, if they were made as a part of or outside of the foreclosure proceeding, in front of which judge they were made, or if the statements were credited by the judge), and if the statements were material to the judge's decision. (See March 27, 2006 M&O at 16.) Regarding intentional infliction of emotional distress, the court found that Plaintiff failed to describe any conduct that rises to the requisite level of outrageousness. For example, she made no allegations of physical threats, obstreperous verbal abuse, or public humiliation. (See id. at 17 (citing Stuto v. Fleishman, 164 F.3d 820, 828 (2d Cir. 1999).)

2

More than two years have passed since the date of the March 26, 2006 M&O, and Plaintiff has not filed an Amended Complaint. Accordingly, *for the reasons set forth in the March 26, 2006 M&O*, the remainder of Plaintiff's claims are dismissed. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 4, 2008
      Brooklyn, N.Y.

/signed/
Nicholas G. Garaufis
United States District Judge